## CHAVEZ v. UNITED STATES. *

Circuit Court of Appeals, Eighth Circuit.
December 5, 1927.

No. 7698.

**1. Intoxicating liquors ☞226—Testimony as to liquor sales not made in defendant's presence held competent and material, as establishing character and use of premises.**

In prosecution for violation of the National Prohibition Act (27 USCA), testimony as to sales of liquor at defendant's place of business, but not made in presence of defendant, *held* competent and material, as establishing character and use of premises.

**2. Criminal law ☞844(2)—General exception held insufficient to raise question as to charge being argumentative, and as to court's erroneously summing up evidence.**

General exception to substantially whole charge of court, to effect that court had singled

*Rehearing denied February 8, 1928.

out case of defendant for destruction by commenting on evidence as affecting government's case, and not as affecting defendant's interests, *held* insufficient to raise questions as to charge being argumentative, and that evidence was erroneously summed up in some particulars.

**3. Criminal law ⬤⟾1056(1)—Assignments that charge was argumentative, and that court erroneously summed up evidence, may be considered, though no exceptions were saved.**

Circuit Court of Appeals may consider assignments to effect that charge was argumentative, and that court in some particulars erroneously summed up evidence, even though no exceptions thereto were saved.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Juan Chavez was convicted for a violation of the National Prohibition Act, and he brings error. Affirmed.

William T. Burris, of Pueblo, Colo., for plaintiff in error.

Forrest C. Northcutt, Asst. U. S. Atty., of Denver, Colo. (George Stephan, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

SCOTT, District Judge. Plaintiff in error was convicted upon two counts (2 and 3) of an information charging violation of the National Prohibition Act (27 USCA). Count 2 charged a sale on the 12th of August, 1926, of distilled spirits, to wit, whisky, and count 3 charged that on the same date plaintiff in error maintained a common nuisance at a certain soft drink parlor at the corner of Fifth and Main streets in the City of Durango, Colo. The sufficiency of neither of these counts was challenged either by demurrer, motion, or application for bill of particulars. At the close of all the evidence, counsel for plaintiff in error, defendant below, moved separately for directed verdicts on counts 2 and 3 without stating any grounds for his motions. The motions being denied, exception was preserved, and defendant's council then stated: "We wish to interpose our objections to the information charging a nuisance as insufficient." Whereupon the court stated: "The motion will be denied." Exception was saved, and thereupon defendant's counsel moved to strike from the record all evidence pertaining to any sales prior to August 11th, for the reason that there is no showing that any of these sales were made in the presence of the defendant. This motion was denied, and an exception preserved.

Thereupon the court instructed the jury, and at the close of the charge asked if there were any exceptions to the charge of the court. Whereupon defendant's counsel stated: "We wish to except to all the instructions down to the point where the court instructed on the reasonable doubt, for the reason that the instructions given by the court, up to and including that time, single out the case of the defendant for destruction; that is, the court has commented on the evidence as it affects the government's case, and not as it affects the defendant's interests."

The defendant now brings this case here upon writ of error. Six errors are assigned.

The first, second, third, and fourth assignments are based upon the insufficiency of the evidence to sustain the charges under which the defendant was convicted and the refusal of the court to grant a directed verdict of not guilty as to counts 2 and 3. We have carefully examined the entire record, and are convinced that these assignments are wholly without merit. There was ample evidence to take the case to the jury on both counts.

[1] The fifth assignment challenged the ruling of the court in overruling defendant's motion at the close of the trial to strike from the record all evidence of any sales prior to August 11th, on the ground that the sales were not made in the presence of the defendant. In our opinion this assignment is without merit. This testimony was entirely competent and material, as establishing the character and use of the premises.

[2, 3] The sixth assignment is based on defendant's exception to a portion of the court's instructions as indicated in the exception heretofore quoted. It is contended by counsel for plaintiff in error at considerable length and with close analysis that the charge of the court was argumentative, and that the court in some particulars erroneously summed up the evidence. We have carefully examined the instructions of the court, and are unable to say that the charge is open to the criticism voiced in the exception. The defendant offered very little evidence, and the charge seems to call attention, not only to the two witnesses for the government, but to the testimony of the two witnesses for the defense. The government's witnesses went into the circumstances of the transactions at greater length than did the defendant's witnesses, and naturally called for more comment. As to the objection that the charge of the court was argumentative, and that in summing up some of the testimony was misquoted, we may point out that no exception was taken to the charge upon these grounds, and

while, under close analysis, the charge may have been open to some criticism in this respect, we are convinced that these features of the charge would not, in the circumstances, prejudicially influence the jury. After summing up, the trial court stated to the jury: "You had the same opportunity, and heard the testimony the same as the court did, and you are the sole judges of the facts and what was proven, uninfluenced by anything the court has said on the facts."

We think the very general exception made to substantially the whole charge, if sufficient to preserve any question for re-examination in this court, was not sufficient to raise the questions contended for. Of course, counsel for defendant is correct in pointing out that this court may consider these assignments, even though no exceptions were saved. However, in view of our feeling that no prejudice has resulted, we have decided not to notice them, and that the judgment of the trial court should be and is affirmed.